UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LEVI DC GILLIS,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )        No. 2:24-cv-00106-JPH-MKK
                                         )
VIGO COUNTY SHERIFF'S                    )
DEPARTMENT,                              )
                                         )
                    Defendant.           )

**ORDER GRANTING DEFENDANT'S UNOPPOSED
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Levi Gillis filed this civil rights action alleging that he was subjected to unconstitutional conditions of confinement at the Vigo County Jail ("the Jail"). Dkt. 1. He proceeds on a claim against the Vigo County Sheriff's Department, pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), based on the theory that it has a practice, policy, or custom of maintaining unconstitutional conditions of confinement for the inmates in their custody. Dkt. 19 at 4.

Defendant moved for summary judgment. Dkt. [56]. For the reasons that follow, Defendant's motion is **GRANTED**.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the

record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Gillis did not respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant

2

still has to show that summary judgment is proper given the undisputed facts."

*Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
### Factual Background

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Gillis and draws all reasonable inferences his favor. *Khungar*, 985 F.3d at 572–73.

### A. The parties

Plaintiff Levi Gillis was an inmate incarcerated at the Jail from February to June 2024. Dkt. 56-2 at 11 (Deposition of Levi Gillis).

Defendant Vigo County Sheriff's Department oversees the Jail, which is operated by Jail Commander Charles Funk and Jail Matron Casey Lee. Dkt. 56-1 at 1 (Affidavit of Charles Funk).

### B. Inmate clothing, bedding, and linens

Inmates at the Jail receive one uniform upon booking into the Jail, which consists of a shirt, pants, and shoes. *Id.* Dirty uniforms are exchanged for clean uniforms once a week every Saturday or Sunday. *Id.*; dkt. 56-2 at 16. Inmates' personal clothing, which consists of an undershirt, underwear, and socks, are laundered once a week. Inmates place personal clothing into a laundry bag provided by the Jail, which is cleaned, dried, and returned to the inmate. Dkt. 56-1 at 1; dkt. 56-2 at 19.

Upon booking, inmates receive a mattress, fitted bedsheet, and blanket. Dkt. 56-1 at 1. Bedding is exchanged for a clean set once a month. *Id.*; dkt. 56-

2 at 18–19. Inmates also receive towels upon booking into the Jail, which are exchanged once a week for a clean set. Dkt. 56-1 at 1–2.

### C. Cleaning supplies and pest control

Cleaning supplies, which consist of a mop, mop bucket, broom, dustpan, scrub brush, toilet brush, spray bottle, and cleaning cloth, are rolled into each cell block on a janitorial cart every morning. Dkt. 56-1 at 1–2. Each afternoon, the janitorial cart is removed to be replenished and returned to the cell block. *Id.* In the evening, the cart is removed from the cell block. *Id.*

The Jail is treated by a pest control company monthly. *Id.* The Jail was not aware of any infestation or gnat related issues during Mr. Gillis' incarceration there. *Id.*

### III.
### Discussion

Mr. Gillis proceeds on a *Monell*[1] claim against the Sheriff's Department based on the theory that it has a practice, policy, or custom of maintaining unconstitutional conditions of confinement for the inmates in their custody. Dkt. 19 at 4. In his complaint, Mr. Gillis alleges that he broke out in a rash because the jail uniforms were exchanged only once a week. Dkt. 1 at 3; dkt. 56-2 at 16. Mr. Gillis also alleges that the bedsheets and blankets were not exchanged or washed, and the Sheriff's Department refused him clean linens. Dkt. 1 at 3; dkt. 56-2 at 18.

To prevail on a *Monell* claim, Mr. Gillis must first show that he was

---

[1] *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694–95 (1978).

4

deprived of a federal right, and then that the deprivation was caused by a Jail custom or policy or failure to implement a needed policy. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021); *Gonzalez v. McHenry Co., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022) ("The critical question under *Monell* is whether a policy or custom of a municipal entity caused a constitutional deprivation."). Further, to the extent that Mr. Gillis is challenging a facially lawful policy (express or implied), he must provide evidence of a "pattern of similar constitutional violations resulting from the policy." *Helbachs Café LLC v. City of Madison*, 46 F.4th 525, 530 (7th Cir. 2022) (cleaned up). If challenging an unconstitutional municipal practice or custom, the plaintiff must show "evidence that the identified practice or custom caused multiple injuries." *Id.* (cleaned up).

The Court begins with determining whether Mr. Gillis was deprived of a federal right as it related to his conditions of confinement at the Jail.

Conditions-of-confinement claims for pretrial detainees, which flow from the Due Process Clause of the Fourteenth Amendment, are analyzed under an objective standard. *Hardeman v. Curran*, 933 F.3d 816, 821–22 (7th Cir. 2019). Under this standard, the plaintiff must show "that the conditions in [the jail] posed an objectively serious threat to his health; that the [defendant's] response was objectively unreasonable under the circumstances; and that [the defendant] acted purposely, knowingly, or recklessly with respect to the consequences of [his] actions." *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (unpublished) (citing *Hardeman*, 933 F.3d at 823, 827 and *Miranda v.*

*County of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018)).  The duration and severity of the conditions are relevant to determining whether the conditions may meet the applicable standard.  *Hardeman*, 933 F.3d at 821.

Here, Mr. Gillis has not designated evidence that would allow a jury to find that the conditions of his confinement violated the minimal standards required under the Fourteenth Amendment.  Defendants' designated evidence establishes that inmate uniforms, personal clothing, and towels were laundered and exchanged for a fresh set once a week. Dkt. 56-1 at 1; dkt. 56-2 at 16, 19. The designated evidence further shows that inmate bedding was laundered and exchanged for a fresh set once a month. Dkt. 56-1 at 1; dkt. 56-2 at 18-19. Mr. Gillis did not respond to the Defendants' motion for summary judgment, so these facts are accepted as true.  *See* S.D. Ind. L.R. 56-1(b).

In some circumstances, inadequate laundering can pose a risk to an inmate's health. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503–04 (7th Cir. 2016) (unpublished) (discussing when inadequate laundry procedures might violate the Eighth Amendment). *But see Passmore v. Josephson*, 376 F. Supp. 3d 874, 881–82 (N.D. Ill. 2019) (collecting cases and finding no constitutional violation where plaintiff was often given inadequately laundered, stained underwear because inmates could choose to forgo wearing underwear and had the ability to launder their clothes themselves).

Here, while Mr. Gillis alleges that he has experienced a rash, he does not designate evidence that the Jail's practice of supplying inmates with freshly laundered uniforms once a week and freshly laundered bedding once a month

presents an objectively serious threat to his health. *See Henderson v. Sheahan,* 196 F.3d 839, 846–847 (7th Cir. 1999) (risk of harm from dirty clothes is too speculative, without more, to establish "an unreasonable risk of serious damage to the prisoner's future health.").

The designated evidence also shows that Mr. Gillis had regular access to cleaning supplies. *Cf. James v. O'Sullivan,* 62 F. App'x 636, 639 (7th Cir. 2003) (unpublished) (holding that the denial of a comb, deodorant and cleaning supplies did not meet objective standard of Eighth Amendment claim because denial of those items cannot be said to have jeopardized plaintiff's health). While Mr. Gillis complained that the mop bucket was dirty and the cleaning rag had been used by other inmates, generally, a failure to provide a detainee with sufficient cleaning materials is not in and of itself a constitutional violation; it is only when cells become "unusually dirty, unhealthy, or present[] a health hazard" that the Constitution might be implicated. *See Teen v. Pannier,* 2020 WL 6940826 (S.D. Ill. 2020) (citing *Lunsford v. Bennett,* 17 F.3d 1574 (7th Cir. 1994)).

Mr. Gillis alleges in his complaint that the dirty laundry and inadequate cleaning supplies caused gnats to be on his bedding and food. Dkt. 1 at 3–4. Pest infestations may form the basis of a Fourteenth or Eighth Amendment conditions of confinement claim. *Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 2015). Mr. Gillis does not, however, designate evidence that exposure to gnats has caused him physical or psychological harm. And Defendant designates evidence that the Jail was sprayed for pests monthly, and that the

7

Jail was not aware of any infestation or gnat related issues during Mr. Gillis' incarceration there. Dkt. 56-1 at 1–2. The presence of gnats, while unpleasant, does not create conditions of confinement that could support a constitutional claim. *Smith*, 803 F.3d at 312 (plaintiff's allegations that "[s]piders, rats, roaches, centerpides [sic], flys, gnats and beetles are on the tier[,] also there are nests of spiders under the radiators[,] roaches and gnats make their home in the showers and toilet area" insufficient to state a constitutional violation).

Mr. Gillis has not designated evidence of jail conditions which posed an objectively serious threat to his health. Accordingly, Mr. Gillis cannot establish a Fourteenth Amendment conditions-of-confinement claim. Defendant is accordingly entitled to summary judgment on the *Monell* claim against it.

## IV.
## Conclusion

Defendant's motion for summary judgment is **GRANTED**. Dkt. [56]. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 3/31/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LEVI DC GILLIS
111642
829 Kreckler Street
Clinton, IN 47842

All Electronically Registered Counsel